# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ELBERT SMITH,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:19CV00523 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HAROLD W. CLARKE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Elbert Smith, Pro Se Petitioner; Eugene Murphy, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Elbert Smith, a Virginia inmate proceeding pro se, brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 Buchanan County Circuit Court conviction and sentence for malicious wounding. The respondent has filed a Motion to Dismiss, to which Smith has responded. Upon review of the record and pleadings, I find that the petition is untimely. Accordingly, I grant the respondent's motion.

I.

On February 22, 2012, Smith was indicted for malicious wounding and for assault by a prisoner. Smith chose to represent himself, and the matter was ultimately tried by a jury on February 11, 2014. The jury found Smith guilty of malicious wounding, and the trial court granted the Commonwealth's motion to

*nolle prosequi* the charge of assault by a prisoner. On May 21, 2014, in accord with the jury's recommendation, the trial court sentenced Smith to ten years in prison and entered final judgment.[1]

Smith appealed his conviction on the grounds that his statutory right to a speedy trial under Virginia Code § 19.2-243 had been violated. In a per curiam opinion entered June 15, 2015, the Court of Appeals of Virginia denied Smith's appeal. On March 31, 2016, the Supreme Court of Virginia refused Smith's Petition for Appeal, and the court denied rehearing on June 30, 2016. Smith then filed a Petition for Certiorari in the United States Supreme Court, which the Court denied on November 28, 2016. The Court denied Smith's Petition for Rehearing on February 21, 2017.

On January 24, 2018, Smith filed a Petition for a Writ of Habeas Corpus in the Buchanan County Circuit Court, raising two issues: (1) The trial court improperly refused to allow Smith to call witnesses in his favor, violating his rights under the Virginia Constitution and the United States Constitution, and (2) the trial court erred in denying Smith access to the prison's bed logs, under Virginia Supreme Court Rule 3A:11, so that Smith could locate and subpoena potential eyewitnesses. The court dismissed the petition on May 21, 2018, on the grounds that it was

---

[1] At the time of the offense, indictment, and trial, Smith was serving other sentences, including a sentence for eighteen years arising from a 1996 conviction by the Virginia Beach Circuit Court.

2

untimely under state law and that Smith had defaulted both issues by not raising them on his direct appeal. Smith appealed the dismissal to the Supreme Court of Virginia, which dismissed the appeal on March 14, 2019, finding no reversible error. The court refused Smith's Petition for Rehearing on June 27, 2019.

Smith certified the mailing of his initial pleading in this court, titled Notice of Appeal, on July 22, 2019, which was received on July 24, 2019. The court notified Smith by order entered July 25, 2019, that the pleading would be treated as a filing under § 2254, unless Smith objected, but that he would need to amend his pleading by filing the appropriate form. The court also noted that the claim appeared untimely and suggested that Smith present any argument he wished to make regarding timeliness to avoid summary dismissal. Smith complied, filing the correct form for his § 2254 petition, signed August 8, 2019, raising the same issues he had presented in his state habeas petition. Smith filed a separate pleading presenting his arguments for considering the petition timely. The court accepted Smith's separate pleading as part of the amendment to his § 2254, and the court found that Smith had presented his case sufficiently to docket and serve on the Commonwealth to respond. The respondent's Motion to Dismiss argues that Smith's petition is untimely and that his issues are procedurally defaulted.

II.

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner has one year in which to file a federal habeas corpus petition from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The United States Supreme Court has interpreted "direct review" in this statute to include review by the Supreme Court. *Clay v. United States*, 537 U.S. 522, 527–28 (2003). Section 2244(d)(2) then tolls the statute of limitations during the time in which "a properly filed application for State post-conviction or other collateral review" is pending.

The United States Supreme Court denied rehearing of Smith's certiorari petition on February 21, 2017. That is the date that the statute of limitations began to run under § 2244(d)(1)(A) for Smith to file a § 2254 petition. Absent tolling, the last day for filing his petition in this court was February 21, 2018. If his state habeas petition had been properly filed, then the federal filing period would be tolled during the pendency of that petition, starting on the day it was filed, January 24, 2018.[2] At that point, 337 days of the allowed 365 days had passed.

---

[2] Smith asserts that his state petition was filed October 10, 2017. That is the date the petition was notarized, but there is no certificate of date of mailing on that pleading. The state marked the petition filed on January 24, 2018, which is the date I am using. As will become clear in the discussion, however, the state petition was untimely under state law no matter which of these dates I use.

4

To determine if the state habeas was properly filed, one must look at state law. Virginia's habeas statute requires that state habeas petitions challenging a criminal conviction or sentence must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2). This is the difference between the federal statute and Virginia's statute. Under § 2244(d)(1)(A), the one-year statute starts running at "the conclusion of direct review." The Virginia statute, however, clearly provides one year from "final disposition of the direct appeal *in state court*." Va. Code Ann. § 8.01-654(A)(2) (emphasis added). The United States Supreme Court is not a state court; once the Supreme Court of Virginia, the state's highest court, disposes of the matter, that is the final disposition in state court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that state post-conviction relief is no longer pending after the state's highest court has dispensed with the matter). Whatever relief a litigant may later seek in the federal court has no relevance to the state's calculation of the state's statute of limitations.

For purposes of Smith's state habeas claim, Virginia law required him to file within two years from the trial court judgment or within one year from final disposition of the direct appeal in the state courts, whichever came later. The trial court's judgment was entered May 21, 2014; two years from that date would be

5

Monday, May 23, 2016, because May 21, 2016, fell on Saturday. The final disposition of Smith's direct appeal in *state* court was June 30, 2016, when the Supreme Court of Virginia denied his Petition for Rehearing; one year from that date was June 30, 2017. Thus, June 30, 2017 was the latest date for Smith to timely file his state habeas petition. Smith's state habeas petition, filed January 24, 2018, was filed nearly seven months too late. Even if I considered his petition filed as of October 10, 2017, as Smith contends I should do, I must still find that the state petition was untimely filed under state law.

When a state habeas petition is filed untimely in state court, the petition is not properly filed within the meaning of § 2244(d)(2), and the tolling provision of that section does not apply. *Artuz v. Bennett*, 531 U.S. 4, 11 (2000). State law governs the timeliness of the state petition, and if the state habeas is untimely under state law, "that is the end of the matter." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation marks, citation and alteration omitted). Smith's state petition was untimely, and the Supreme Court of Virginia dismissed it as untimely. Therefore, it did not serve to toll the federal statute of limitations, which expired on February 21, 2018, nearly a year and a half before Smith filed the federal petition.

Smith has offered nothing in support of a claim for equitable tolling. At the most, he argues that it was not clear to him that the state statute of limitations was not tolled during his direct appeal to the United States Supreme Court and that the

6

state court advised him of the 90-day limit for seeking certiorari in the Supreme Court. A pro se prisoner's ignorance or misunderstanding of the law, however, is not generally an extraordinary circumstance entitling a petitioner to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In his response to the respondent's brief, Smith suggests that this court found his petition to be timely filed when it accepted his Amended Petition and served it on the respondent. Again, Smith misunderstands the process. Smith's Amended Petition set forth a prima facie case of timeliness, explaining his calculation. Once he did so, the court could no longer decide, based upon Smith's submissions alone with no need for the state even to respond, that his petition was untimely. However, once the respondent answered and provided the records and decisions from the state courts, as this court ordered, the case was ripe for me to review the parties' pleadings, the arguments from both sides, and the relevant law to make a final determination of the contested timeliness issue.

I conclude that Smith's state petition was untimely under state law, and accordingly, his filing of the state petition did not toll the statute of limitations on his federal § 2254. Therefore, his federal petition was also untimely.

III.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Rules Governing Section 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were sufficiently weighty to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

I decline to issue a certificate of appealability because Smith has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

IV.

For the reasons stated, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 9, 2020

/s/ JAMES P. JONES
United States District Judge